**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH E. BUSKE, SR.,**

                     **Plaintiff,**

  vs.                                               **5:15-cv-00330**
                                                       **(MAD/CFH)**

**CAROLYN W. COLVIN,** *Acting*
*Commissioner of Social Security*,

                     **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **THE STANLEY LAW OFFICES, LLP**<br>215 Burnet Avenue<br>Syracuse, New York 13203<br>Attorneys for Plaintiff | **JAYA A. SHURTLIFF, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of Regional General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **DANIEL R. JANES, ESQ.**<br>Special Assistant United States Attorney |

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

     Plaintiff Joseph E. Buske, Sr. ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. *See* Dkt. No. 1. Presently before the Court are the parties' motions for judgment on the pleadings. *See* Dkt. Nos. 10, 11. This matter was referred to United States Magistrate Judge Christian F. Hummel for a Report-

Recommendation and Order pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

On February 5, 2014, Plaintiff protectively filed an application for SSI, alleging disability onset date of September 17, 2012. *See* Administrative Transcript ("T.") at 141-48. Thereafter, Plaintiff protectively filed an application for DIB on February 12, 2013. *See id.* at 15. Plaintiff's last date insured is June 30, 2016. *See id.* Plaintiff's applications were initially denied on April 10, 2013. *See id.* at 54-62. Upon Plaintiff's request, a hearing was held on August 25, 2014 before Administrative Law Judge Marie Greener (the "ALJ"), at which Plaintiff was represented by her attorney. *See id.* at 26-53, 67. On October 27, 2014, the ALJ issued a decision denying Plaintiff's claims for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). *See id.* at 8-25. Plaintiff filed a request for review with the Appeals Council, which denied review through a letter dated February 9, 2015, thereby making the ALJ's decision the final determination of the Commissioner. *See id.* at 1-6.

Plaintiff commenced this action on March 21, 2015, seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1. Plaintiff argues that the ALJ improperly evaluated the medical evidence, resulting in a residual functional capacity ("RFC") that does not accurately represent Plaintiff's abilities. *See* Dkt. No. 10. According to Plaintiff, The ALJ failed to cite the evidence that was contradictory to the opinion of Dr. Mark Humphrey, D.O., a treating physician. *See id.* Plaintiff also argues that it was an error for the ALJ to rely upon the vocational grids to determine that jobs existed in the national economy that Plaintiff can perform. *See id.* Specifically, Plaintiff argues that a vocational expert should have been consulted because his nonexertional limitations were more then negligible. *See id.* Defendant maintains that the

2

ALJ applied the correct legal standards in determining that Plaintiff is not disabled and that his decision is supported by substantial evidence. *See* Dkt. No. 11.

In a Report-Recommendation and Order dated March 9, 2016, Magistrate Judge Hummel found that the inconsistencies between the medical opinions from Dr. Humphrey, from March 2013 to August 2014, required further inquiry by the ALJ. *See* Dkt. No. 12 at 24-25. Magistrate Judge Hummel stated that not every inconsistency in the medical evidence triggers the need for further investigation. *See id.* at 25-26. However, where there were intervening surgeries in between the two differing opinions from the same treating physician, Magistrate Judge Hummel found that the ALJ should have obtained a further explanation from the treating physician for the differences in the two opinions. *See id.* at 26. Magistrate Judge Hummel also found that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the RFC relied on evidence from "other sources," after assigning little weight to the medical source statement completed by the only acceptable medical source. *See id.* at 28-35. Magistrate Judge Hummel further concluded that the ALJ did not discount the weight assigned to Dr. Humphrey's medical source statement because of the multiple choice format of the opinion and, even if she did discount the assigned weight, any error was harmless. *See id.* at 36-37.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Wagner*, 906 F.2d at 860; *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984). However, a court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence, as "application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.; Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Failure to object timely to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993)

(quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

In the present matter, having carefully reviewed Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Hummel correctly determined that the ALJ had a duty to develop the administrative record where, as here, a treating physician's opinion was inconsistent with his earlier opinion and Plaintiff underwent more than one surgery in that interval of time. The Court also adopts Magistrate Judge Hummel's findings that the ALJ did not discount the weight assigned to Dr. Humphrey's medical source statement on the basis of the form used and, if she did discount the weight, it was harmless error. As such, the Court finds that Magistrate Judge Hummel correctly determined that the decision of the Commissioner should be vacated and the matter be remanded.

With regard to Magistrate Judge Hummel's finding that the RFC was not supported by substantial evidence because, "upon assigning Dr. Humphrey's [medical source statement] little weight, there is not substantial evidence in the record, *based on findings from acceptable medical sources*," the Court declines to adopt the Report-Recommendation and Order on this issue. Dkt. No. 12 at 35 (emphasis added). To the extent that Magistrate Judge Hummel is stating that only evidence from "acceptable medical sources" can constitute substantial evidence in support of an RFC, the Court does not agree.[1] Because this issue is not necessary to remand this claim, the Court will not engage in a full analysis of the matter, however, the Court notes that the regulatory distinction between "acceptable medical sources" and medical evidence from "other sources" does not preclude an ALJ from assigning greater weight to the later. *See* SSR 06-03p, 2006 WL

---

[1] Although Magistrate Judge Hummel draws this conclusion, he carefully sets forth a proper factual basis for finding that Dr. Tesoriero's and Mr. Harning's statements should not be considered substantial evidence. *See* T. at 33-34.

5

2329939, *2 (Aug. 9, 2006) ("Giving more weight to the opinion from a medical source who is not an 'acceptable medical source' than to the opinion from a treating source does not conflict with the treating source rules in 20 CFR 404.1527(d)(2) and 416.927(d)(2) and SSR 96-2p, 'Titles II and XVI: Giving Controlling Weight To Treating Source Medical Opinions'"). Medical opinions from "other sources" are valuable in determining the severity of impairments and how a plaintiff's ability to function is affected. *See id.* at *2. Certainly, "[t]he evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case." *Id.* at *5. Whether the opinion is from an "acceptable medical source" or is from a medical source that is not classified as such, is only a factor for the ALJ to consider when assigning weight. *Id.* at *5. *Id.*

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's March 9, 2015 Report-Recommendation and Order is **ADOPTED in part** and **REJECTED in part** for the reasons stated herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **VACATED** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with Magistrate Judge Hummel's Report-Recommendation and Order that have been adopted by this Court; and the Court further

**ORDERS** that the Clerk shall enter judgment and close this case; and the Court further

6

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 25, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge